# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID LARUE MCCUTCHEN and JOAN MCCUTCHEN, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case No. 17-CV-256-JHP-JFJ |
| CSAA FIRE & CASUALTY INSURANCE COMPANY, d/b/a AAA INSURANCE, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a Partial Motion to Dismiss filed by Defendant CSAA Fire & Casualty Insurance Company d/b/a AAA Insurance ("CSAA") (Dkt. 9). Plaintiffs David Larue McCutchen and Joan McCutchen ("Plaintiffs") have filed a Response in opposition (Dkt. 11), and CSAA has filed a Reply (Dkt. 12). After consideration of the briefs, and for the reasons stated below, CSAA's Partial Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiffs filed this action in state court against their insurer CSAA, on December 7, 2016. (Dkt. 2-2 (Petition)). In the Petition, Plaintiffs allege causes of action against CSAA for (1) breach of the duty to deal fairly and in good faith, (2) breach of contract, and (3) actual fraud. (*Id.* ¶¶ 18-25). Plaintiffs allege damage to

their roof occurred at an unspecified date as a result of an unspecified event. (*Id.* ¶ 10). Plaintiffs allege they properly notified CSAA of the roof damage, and CSAA sent an inspector to review the damage. (*Id.* ¶¶ 11-12). The inspector allegedly notified Plaintiffs that the roof needed to be replaced. (*Id.* ¶ 12). However, CSAA thereafter "only offered to patch the damage to the Plaintiffs' roof." (*Id.* ¶ 13). Plaintiffs allege they repeatedly requested that CSAA properly investigate, evaluate, and pay their claim, including paying for roof replacement, but CSAA refused their demands. (*Id.* ¶¶ 14-15). As a result of the ongoing damage, the roof leaked during a subsequent storm, causing significant interior damage to the Plaintiffs' residence. (*Id.* ¶ 16).

CSAA removed the action to this Court based on diversity jurisdiction. (Dkt. 2). CSAA has now moved to dismiss only Plaintiffs' fraud claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

A fraud claim must satisfy Fed. R. Civ. P. 9(b). This rule requires the circumstances constituting fraud to be alleged "with particularity," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). *See also* 12 Okl. St. § 2009(B) ("In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."). In the Tenth Circuit, a complaint must "'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds (In re Edmonds)*, 924 F.2d 176, 180 (10th Cir. 1991)). Oklahoma law similarly requires a pleading alleging fraud to specify "the *time, place and content* of an alleged false representation, but not the circumstances or evidence from which

3

fraudulent intent could be inferred." *Gianfillippo v. Northland Cas. Co.*, 861 P.2d 308, 311 (Okla. 1993) (emphasis in original). Moreover, "[m]ere conclusory allegations of falsity are insufficient" to satisfy Rule 9(b). *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1124 (10th Cir. 1997). Rather, "the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted).

Here, the Petition claims CSAA caused Plaintiffs' damages by "performing a woefully inadequate and incomplete investigation of Plaintiffs' original roof claim and/or acting with actual fraud in order to pay Plaintiffs less than the amount due them under the policy issued by AAA." (Dkt. 2-2, ¶ 18). The Petition further alleges that CSAA, "with no basis, only offered to patch the damage to the Plaintiffs' roof" despite the inspector's oral recommendation that the roof should be replaced. (Dkt. 2-2, ¶ 13). These allegations set forth none of the specific allegations required by Rule 9(b) or 12 Okl. St. § 2009(B)(4). The Petition fails to allege the time, place, contents, or speaker of any false statements. Plaintiffs' allegations, without more, do not suffice to state a claim for fraud. Plaintiffs' fraud claim is therefore subject to dismissal without prejudice.

In their Response brief, Plaintiffs argue the Petition specifically pleads CSAA's "false representations regarding the condition of the roof and what would be required to make Plaintiffs whole" and CSAA's "attempt to conceal the fact that

4

the roof needed replacement as opposed to repair." (Dkt. 11, at 2). However, CSAA's alleged refusal to act in accordance with the inspector's recommendation to replace Plaintiffs' roof, taken as true, does not indicate either that CSAA made a false representation to Plaintiffs regarding the roof's condition or that CSAA attempted to conceal any fact from Plaintiffs. Factual allegations regarding these elements of fraud are plainly absent from Plaintiffs' pleading.

Plaintiffs further contend the crux of their fraud claim is that CSAA's "investigation and representations to Plaintiffs were intentionally misleading and false in an attempt to induce Plaintiffs to settle their claim for less than the amount of damages they incurred." (Dkt. 11, at 2). However, the Petition fails to point to the time, place, or contents of any specific misleading or false representations CSAA made to Plaintiffs. As the Oklahoma Supreme Court explained in *Gianfillippo*, a plaintiff alleging fraud must raise more than conclusory allegations that the insurer committed fraud in order to pay less than the insurer believed was due. 861 P.2d at 311. Rather, the plaintiff must specify the time, place, and content of the alleged false representation or face dismissal of the fraud claim. *Id.* at 310-11. In their Response, Plaintiffs correctly identify this standard but fail to point to any allegations in the Petition that would satisfy this specificity requirement. Accordingly, dismissal of Plaintiffs' fraud claim is appropriate.

## CONCLUSION

For the reasons detailed above, the Partial Motion to Dismiss filed by Defendant CSAA Fire & Casualty Insurance Company d/b/a AAA Insurance (Dkt. 9) is **GRANTED.** Plaintiffs' claim for actual fraud is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' claims for bad faith and breach of contract remain for resolution.

Plaintiff is hereby granted fourteen days to file an amended complaint to list additional allegations regarding a claim for fraud. CSAA's time to file an answer or other response is extended to the earlier of: (1) fourteen days after Plaintiff files an amended complaint or (2) February 2, 2018.

It is further ordered that the dispositive motion deadline, currently set for January 8, 2018, is hereby extended to February 16, 2018.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma