IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LARUE MCCUTCHEN; and JOAN MCCUTCHEN, </br></br>Plaintiffs, </br></br>v. </br></br>CSAA FIRE & CASUALTY INSURANCE COMPANY, </br></br>Defendant. | Case No. 17-CV-256-JHP-JFJ |

## REPORT AND RECOMMENDATION

Before the undersigned is Defendant's Motion for Sanctions Against Plaintiff David McCutchen (ECF No. 30). United States District Judge James Payne referred the motion to the undersigned for Report and Recommendation. The undersigned conducted a hearing on the motion on January 25, 2018.

**I.   Procedural History**

On October 27, 2017, after attempting to informally schedule the deposition of both Plaintiffs, Defendant's counsel, Erin Rooney ("Rooney"), noticed Plaintiffs' depositions for December 7, 2017. On December 4, 2017, Plaintiffs' counsel, Ronald Durbin ("Durbin"), requested to move the depositions due to a doctor's appointment of Mrs. McCutchen. Rooney agreed to continue the depositions and proposed December 12, 2017 as an alternate date. A paralegal from Durbin's office informed Rooney that December 12, 2017 would not work. Subsequently, Durbin personally informed Rooney by phone that: (1) Mr. McCutchen's deposition could proceed on December 12, 2017, and (2) Durbin planned to advise Mrs. McCutchen to dismiss her claims. Based on these representations, Rooney agreed to depose only Mr. McCutchen

on December 12, 2017. Rooney sent an amended deposition notice for the deposition of Mr. McCutchen on December 12, 2017.

Late in the afternoon on December 11, 2017, Durbin informed Rooney that he overlooked hearings due to a "phone syncing" problem and asked to continue the deposition. Durbin took "full responsibility" for the oversight, recognized Rooney's prior courtesy in extending the December 7, 2017 deposition, and stated he would attempt to reschedule his conflicting hearings. Durbin did not explain why his partner on the case, an experienced senior attorney, could not attend Mr. McCutchen's deposition. Rooney refused to move the deposition due to the upcoming January 8, 2018 dispositive motion deadline. While Rooney was traveling to Tulsa from Oklahoma City the following day, Durbin informed Rooney that his client would not attend the deposition. Durbin failed to seek a protective order but did file a motion to extend the scheduling conference that date. Rooney proceeded with the deposition and made a record of Mr. McCutchen's non-attendance. On that date, Durbin sent a letter offering numerous dates in January for a rescheduled deposition.[1]

## II.     Dismissal as Discovery Sanction

Federal Rule of Civil Procedure 37(d)(1)(A) permits a court to order sanctions where a party fails, after being served with proper notice, to appear for his deposition. Rule 37(d)(2) provides that failure to attend a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order." Fed. R. Civ. P. 37(d)(2); *see also Batt v. Kimberly-Clark Corp.*, 438 F. Supp. 2d 1315, 1318 (N.D. Okla. 2006) (party noticed for deposition on date he could not attend "was required to take some action to stay the deposition until the parties, with or without the Court's assistance, could resolve the

---

[1] Pursuant to the Scheduling Order, the discovery deadline is after the dispositive motion deadline. Thus, the proposed January dates were within the discovery period but after the dispositive motion deadline.

dispute"). Rule 37(d)(3) permits all sanctions listed in Rule 37(b)(2)(A)(i)-(vii) and/or the payment of reasonable expenses and attorneys' fees. In this case, Defendant requests dismissal with prejudice of Mr. McCutchen's claims, or, alternatively, reasonable attorneys' fees and costs.

The decision to dismiss a case as a sanction for discovery violations "requires that the discovery violation [be] predicated on 'willfulness, bad faith, or [some] fault of petitioner,' rather than inability to comply." *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (per curiam)). A willful failure is any intentional failure as distinguished from involuntary noncompliance, and no wrongful intent must be shown. *See Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1159 (10th Cir. 2013).

Courts have "considerable discretion" to impose dismissal as a sanction because, as active participants in the discovery process, judges "have a strong situation sense about what is and isn't acceptable conduct." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). Before imposing the sanction of dismissal, however, the Tenth Circuit has held that

> a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted). Although this list of factors is not exclusive, a court must evaluate any other relevant factors on the record. *Id.* Dismissal is appropriate "[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Id.*

### A.     Degree of Actual Prejudice to Defendant

Defendant has established actual prejudice. Defendant desired to take Mr. McCutchen's deposition prior to the dispositive motion deadline. Even though Judge Payne has now extended the dispositive motion deadline until February 16, 2018, Defendant does not have adequate time to depose Mr. McCutchen in time to meet that deadline. Unless dismissal is granted or certain deadlines are extended, Defendant will suffer actual prejudice. This factor weighs in favor of dismissal.

### B.     Amount of Interference with Judicial Process

Plaintiffs' failures to appear caused motion practice and may cause extensions of certain deadlines. This factor weighs in favor of dismissal.

### C.     Culpability of Litigant

The Court has no reason to doubt that Mr. McCutchen needed to attend his wife's appointment on December 7, 2017. Although Durbin delayed in informing Rooney of the conflict, the Court has no evidence Mr. McCutchen cased that delay. With respect to the December 12, 2017 deposition, the Court accepts Durbin's representation that Plaintiff did not attend due to counsel's scheduling error rather than any refusal to appear.

In attempt to show culpability of Mr. McCutchen, Defendant has presented evidence of other litigation in which Mr. McCutchen and Durbin have failed to diligently comply with discovery. The Court does not know the circumstances of these state-court cases, and the Court does not have adequate information to conclude that Mr. McCutchen and Durbin regularly engage in a pattern of purposefully avoiding discovery obligations. This factor weighs against dismissal.

### D. Warning of Dismissal as Sanction

Mr. McCutchen did not receive any warning from the Court that failing to appear for the December 12, 2017 deposition was likely to result in dismissal. However, Rule 37(d)(3) clearly contemplates a possible dismissal sanction, and Durbin was aware of the potential consequences of his client's failure to appear. This factor is neutral.

### E. Efficacy of Lesser Sanctions

Durbin represented to the Court during the hearing held January 25, 2018, that Mr. McCutchen was ready to be deposed at a mutually agreeable time. Durbin also represented that Plaintiffs would not object to an extension of the dispositive motion deadline to permit time for Mr. McCutchen's deposition. Therefore, a lesser sanction than dismissal can cure the prejudice suffered by Defendant in this case.

### F. Weighing of Factors

The undersigned concludes that the aggravating factors in this case – namely, prejudice to Defendant's ability to comply with the current schedule and disruption of the judicial process – do not "outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus*, 965 F.2d at 921. Mr. McCutchen is willing to be deposed and comply with discovery obligations. It appears the dispositive motion deadline could be extended without disrupting the trial date. Therefore, although Mr. McCutchen willfully failed to appear for his noticed deposition, the circumstances do not justify the harsh sanction of dismissal.

## III. Imposition of Lesser Sanction in Form of Attorney's Fees

Rule 37(d)(3) provides that a court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of

fees unjust." Mr. McCutchen's failure to appear was not substantially justified. First, despite having over two months' notice before the December 7, 2017 deposition, Mr. McCutchen and Durbin waited until December 4, 2017 to inform Rooney of the conflict. Rooney accommodated this conflict and then Durbin, less than one day prior to the deposition, cancelled the December 12, 2017 deposition. Durbin did not seek a protective order or emergency relief. The undersigned finds Rooney was justified in insisting on proceeding with the deposition based on the prior continuance and the upcoming dispositive motion deadline. The undersigned recommends that Defendant be compensated for reasonable attorneys' fees and expenses incurred in connection with the December 12, 2017 deposition and the motion for sanctions related to Mr. McCutchen.

**IV.     Dispositive Motion Deadline Extension**

To cure prejudice to Defendant and upon consideration of the parties' statements at the hearing, the undersigned recommends that the parties be permitted to file a joint motion to extend the dispositive motion deadline no later than three days following Judge Payne's ruling on this Report and Recommendation.

## **RECOMMENDATION**

The undersigned RECOMMENDS that Defendant's Motion for Sanctions Against Plaintiff David McCutchen (ECF No. 30) be **GRANTED IN PART** and **DENIED IN PART**.

Specifically, the undersigned RECOMMENDS as follows:

(1) Defendant be awarded attorney's fees and expenses incurred in connection with the December 12, 2017 deposition and the motion for sanctions related to Mr. McCutchen.

(2) Defendant be permitted to file a motion setting forth its request no later than fourteen days after Judge Payne's decision on this Report and Recommendation, in the event this recommendation is affirmed and adopted.

(3) The parties be permitted to file a joint motion to extend the dispositive motion deadline no later than three days after Judge Payne's decision on this Report and Recommendation, in the event this recommendation is affirmed and adopted.[2]

## OBJECTIONS

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by February 16, 2018.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine *de novo* any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

SUBMITTED this 2nd day of February, 2018.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] Unless and until this Report and Recommendation is adopted, Defendant must comply with the current dispositive motion deadline or seek appropriate relief from Judge Payne.